UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA D. TANNER et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-01361-NAB |
| | ) |
| CITY OF SULLIVAN et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before the Court is Defendants Motion to Dismiss and/or Strike Punitive and Aggravating Circumstances Damages from Plaintiffs' Complaint.[1] [Doc. 8]. Defendants filed a memorandum in support of the motion. [Doc. 9]. Plaintiffs filed a response. [Doc. 23]. Defendants filed a Reply. [Doc. 21]. Having fully considered the arguments set forth by the parties, the Court grants the motion.[2]

## Discussion

In their motion, Defendants seek to dismiss and/or strike Plaintiffs' claims for punitive damages against Defendant City of Sullivan in Count I of the complaint, which asserts a claim against the City of Sullivan under 42 U.S.C. § 1983. Defendants argue that punitive damages are not recoverable against a local municipality under § 1983 claims. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."). In their response, Plaintiffs concede this argument and voluntarily

---

[1] Defendants are City of Sullivan, Don. L. Reed ("Reed"), Darrin M. Jones ("Jones"), and Kevin L. Halbert ("Halbert").

[2] Pursuant to 28 U.S.C. §636(c)(1), the parties have consented to the jurisdiction of the undersigned United States Magistrate.

strike paragraph 14 of Count I from the Complaint. Plaintiffs also voluntarily strike paragraph (b) from the prayer for relief section of Count I.

Defendants also seek to dismiss and/or strike from Count II of the Complaint Plaintiffs' claims for aggravating circumstances damages against the Defendant City of Sullivan and Defendants Reed, Jones, and Halbert in their official capacities. In Count II, Plaintiffs bring a state law wrongful death claim under RSMo. § 537.080 against all Defendants. Defendants argue that aggravating circumstances damages are not recoverable under RSMo. § 537.080 against individuals acting in their official capacities because actions against individuals acting in their official capacities are considered actions against the governing entity, and punitive damages are not recoverable against a municipality absent a statute specifically authorizing such recovery. *See Call v. Heard,* 925 S.W.2d 840, 849 (Mo. banc 1996) ("aggravating circumstance damages in wrongful death cases are the equivalent of punitive damages[,]") (citations omitted); *Chappell v. City of Springfield*, 423 S.W.2d 810, 813 (Mo. 1968) ("It is the general rule [in Missouri] that in the absence of a statute specifically authorizing such recovery, punitive or exemplary damages are not recoverable against a municipal corporation."). Again, conceding this argument, Plaintiffs voluntarily strike the allegations of aggravating circumstances damages against Defendant City of Sullivan and Defendants Reed, Jones, and Halbert in their official capacities. However, Plaintiffs preserve their allegations of aggravated circumstances damages against Defendants Reed, Jones, and Halbert in their individual capacities.

## Conclusion

Based on the above analysis, the Court finds that Defendants' Motion to Dismiss and/or Strike Punitive and Aggravating Circumstance Damages should be granted, as discussed above.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and/or Strike Punitive and Aggravating Circumstance Damages is **GRANTED**. [Doc. 8].

**IT IS FURTHER ORDERED** that Plaintiffs' claims for punitive damages in Count I are stricken.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for aggravating circumstances damages in Count II against Defendant City of Sullivan and Defendants Don. L. Reed, Darrin M. Jones, and Kevin L. Halbert in their official capacities are stricken.

Dated this 16th day of December, 2011.

                                              /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE