# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DEBORA D. TANNER, ET AL., | |
| PLAINTIFFS, | CASE NO.: 4:11-CV-01361-NAB |
| V. | JURY TRIAL DEMANDED |
| CITY OF SULLIVAN, ET AL. | |
| DEFENDANTS. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE

Come now Defendants and for their Opposition to Plaintiffs' Motion in Limine (Doc. 145) state as follows.

1.  **Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of alleged episodes when decedent fell asleep with cigarettes burning holes in the sofa and/or blankets and/or alleged episodes when decedent was in a comatose state because it is highly prejudicial, inflammatory, incompetent, vague, incites improper speculation and conjecture by the fact finder, and lacks probative value on any legitimate issue.**

Opposition: As conceded by Plaintiffs, the testimony concerning Karen Palmer's smoking habit, burning holes in household blankets, and periods of comatose-like sleep states is indeed relevant to the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support that Plaintiffs are now deprived by reason of Palmer's suicide. Mo. Rev. Stat. § 537.090. And while other evidence of Palmer's prior arrest record exists, these three incidents do not provide a complete picture of Palmer that the jury is entitled to know. If anything, limiting the evidence as proposed by Plaintiffs has the effect of misleading the jury as to reasonable value of the consortium, companionship and comfort of Palmer that Plaintiffs claim to be deprived. Also, this evidence is probative of what Palmer was like on a day-to-day basis to those closest to her and it relates to the witness accounts of Palmer by Andrew Baker and Donna Baker

1

on the day of her arrest.  And given the nature of the allegations in this case (that Palmer was in obvious need of medical attention), Palmer's character and physical condition are at issue and Defendants are entitled to present to the jury a complete portrayal of Palmer as it is indicative of how she appeared to Defendants upon her arrest.  Lastly, such evidence does not pose the risk of negatively portraying the Plaintiffs in this case.  Therefore, evidence of Palmer's smoking habit, burning holes in household blankets, and periods of comatose-like sleep states is indeed relevant pursuant to Rule 401 of the Federal Rules of Evidence.

> 2.  **Decedent's alleged purchase and consumption of illegal drugs in the presence of Kayla Shuler because it is speculation, hearsay, and its probative value, if any, is substantially outweighed by the danger of unfair prejudice.**

Opposition:  Although Plaintiffs frame the basis for excluding such testimony as irrelevant – because it goes to the relationship between Palmer and Kayla Shuler – this evidence is relevant to the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support that Plaintiffs are now deprived by reason of Palmer's suicide.  Mo. Rev. Stat. § 537.090.  It is probative of what Palmer was like on a day-to-day basis to those closest to her.  And given the nature of the allegations in this case (that Palmer was in obvious need of medical attention), Palmer's character and physical condition are at issue and Defendants are entitled to present to the jury a complete portrayal of Palmer as deemed necessary.  Evidence of Palmer's purchase and consumption of illegal drugs in the presence of Ms. Shuler is not outweighed by the danger of prejudice to Plaintiffs but to the unfair prejudice of Defendants and their right to present to the jury a complete account of Palmer.  Therefore, the evidence is indeed relevant pursuant to Rule 401 of the Federal Rules of Evidence.

> 3.  **Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of an alleged incident of decedent's theft of prescription pills from a stranger's home in Union, Missouri because it is hearsay, irrelevant, unfairly prejudicial, and amounts to a mini-trial on decedent's guilt for which she has no opportunity to a defense.**

2

Opposition:  This argument should be denied.  While this case is premised upon a violation of §1983, it stems from a claim for the deprivation of medical treatment as opposed to a claim for excessive force by police officers.  This distinction is important because the evidence that Plaintiffs seek to exclude involves evidence of prior charges and/or arrests of Palmer.  And while such prior charges and/or arrests of Palmer would be subject to exclusion in excessive force cases, such evidence is relevant in this case because firsthand testimony concerning Palmer's attempt to enter a neighbor's house under the guise of using the bathroom that resulted in an arrest for stealing prescription medications is relevant to the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support that Plaintiffs are now deprived by reason of Palmer's suicide.  Mo. Rev. Stat. § 537.090.  And given the nature of the allegations in this case (that Palmer was in obvious need of medical attention), Palmer's character and physical condition are at issue and Defendants are entitled to present to the jury a complete portrayal of Palmer as it is indicative of how she appeared to Defendants upon her arrest.

Evidence of Palmer's attempt to steal prescription drugs is probative of the reasonable value of the loss of her services, companionship, consortium, counsel and therefore relevant pursuant to Rule 401 of the Federal Rule of Evidence.  Contrary to Plaintiffs' argument otherwise, such evidence is not irrelevant because the evidence is not being used to prove that Palmer is guilty of the theft itself.  The cases cited in Plaintiffs' argument do not support their argument because they do not involve claims premised upon a deprivation of medical treatment: *Lee v. Anderson*, 616 F.3d 803 (8th Cir. 2010) (involves a wrongful death claim due to allegations of excessive police force); *Sanders-El v. Wencewicz*, 987 F.2d 483 (8th Cir. 1993) (involves another claim of excessive force by police officers); *White v. McKinley*, 605 F.3d 525 (8th Cir. 2010)(involves a § 1983 claim where an ex-husband sued a police officer, among others, for concealing evidence that the police officer was involved with plaintiff's ex-wife).  Therefore, the evidence is indeed relevant pursuant to Rule 401 of the Federal Rules of Evidence.

**4.     Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of decedent's alleged theft of a baby buggy because it is hearsay within hearsay, and irrelevant to any fact of consequence.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**5.     Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of decedent's prior arrests, misdemeanors, or ordinance violations (i.e., littering in 1999, Driving in a Careless and Imprudent manner in 2004, shoplifting under $50 in 2004, and trespassing in 2004, 2008, 2009) because it is collateral, remote, irrelevant, and unfairly prejudicial**

Opposition:  This argument should be denied.  While this case is premised upon a violation of §1983, it stems from a claim for the deprivation of medical treatment as opposed to a claim for excessive force by police officers.  This distinction is important because the evidence that Plaintiffs seek to exclude involves evidence of prior charges and/or arrests of Palmer.  And while such prior charges and/or arrests of Palmer would be subject to exclusion in excessive force cases, such evidence is relevant in this case because it tends to be probative of Palmer's history with crime that directly relates to her reputation among the Defendants and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support that Plaintiffs are now deprived by reason of Palmer's suicide.  Mo. Rev. Stat. § 537.090.  The reputation of Palmer among the Defendants directly impacts their impression of her when they arrested her on October 16, 2009.  Moreover, such evidence refutes the allegation that Palmer was "scared" of the judicial system and returning to jail due to the ramifications of stealing prescription medications.  Therefore, the evidence is indeed relevant pursuant to Rule 401 of the Federal Rules of Evidence.

**6.     Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument that decedent's drug use caused harm to Plaintiff C.B. while in utero because it is not substantiated by scientific or medical evidence, irrelevant, and highly inflammatory.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**7. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of decedent's comparatively fault.**

Opposition:  While there is no jury instruction on this issue, this should be denied because this case is about suicide and, given that Palmer killed herself, the issue of her comparative fault in committing suicide will be the primary argument for Defendants.  Denying Defendants the right of addressing how Palmer was comparatively and completely at fault for her suicide would deprive Defendants of their right to present their theory of defense.

**8. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument that Plaintiff C.B.'s father has a live-in girlfriend or that any person has taken the place of Plaintiff C.B.'s mother because it is inadmissible for the purposes of mitigating damages.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**9. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of a plea of poverty.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**10. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of decedent having an abortion because it is highly prejudicial, inflammatory, hearsay, collateral, and lacks probative value on any legitimate issue.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**11. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of Plaintiff**

5

**Debby Tanner's previous marriages because it is collateral, irrelevant, and prejudicial.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**12. Plaintiffs move the court to enter its in limine order directing that Defendants' expert's opinions regarding Donna Baker's credibility be excluded because it invades the province of the jury.**

Opposition:  This should be denied.  This goes to the weight of the evidence as to why Mr. Keohane discounts the credibility of Donna Baker when she claims that she warned the Defendants of Palmer given that Andrew Baker testified that Ms. Baker was not present.  Plaintiffs raised this issue in their line of questions posed to Mr. Keohane during their inquiry as to why he ignored Ms. Baker's testimony.

**13. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of decedent's heroin use or addiction because it is highly prejudicial, inflammatory, hearsay, incites improper speculation and conjecture by the fact finder, and is irrelevant to any fact of consequence in this case.**

Opposition:  This should be denied.  While this case is premised upon a violation of §1983, it stems from a claim for the deprivation of medical treatment.  As such, it places the physical condition of Palmer at issue.  While Defendants were not aware of Palmer's prior heroin use or drug addiction, those closest to her were aware according to their deposition testimony.  And despite their knowledge of Palmer's heroin addiction, they never contacted Sullivan PD out of concern for her medical condition after their receipt of notice of Palmer's arrest on October 16, 2009.  This illuminates the veracity of the Baker's testimony.  Furthermore, limiting Defendants from eliciting evidence of Palmer's heroin addiction poses the danger of unjustly prejudicing Defendants' defense strategy in this case.  As such, evidence of Palmer's heroin addiction is relevant to her physical condition as it existed on October 16th pursuant to Rule 401 of the Federal Rules of Evidence.  Also, this evidence is relevant to the reasonable value of the services, consortium, companionship,

comfort, instruction, guidance, counsel, training, and support that Plaintiffs are now deprived by reason of Palmer's suicide.  Mo. Rev. Stat. § 537.090.

> **14. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of decedent receiving entitlements because it violates the collateral source rule and is unfairly prejudicial.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

> **15. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of the Sullivan Police Department's accreditation because at the time of decedent's arrest and custody death the department was not accredited and therefore the subsequent accreditation is irrelevant and misleading.**

Opposition:  This should be denied.  At trial, Defendants anticipate Plaintiffs will inform the jury that the Sullivan Police Department revised certain policies in its Policy and Procedure Manual after Palmer's suicide.  This will be used to suggest to the jury that it represents a remedial measure taken to address perceived shortcomings in the policies that resulted in Palmer's suicide. However, this would be incorrect.  The real reason why the Manual was updated was to ensure that it conformed with Sullivan Police Department's accreditation that it applied for and received.  To the extent Plaintiffs address the circumstances surrounding the revisions to the Manual, the reason why Defendants made the revisions is indeed relevant to their defense pursuant to Rule 401 of the Federal Rules of Evidence.

> **16. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument of the death of a child of any Defendant because it is collateral and irrelevant.**

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

> **17. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce any evidence or argument to the time and circumstances when Plaintiffs contacted or retained an attorney concerning**

7

**their rights in the present cause of action, as well as any legal advice obtained in connection therewith**.

Opposition:  None.  Defendants do not intend to raise this argument, but reserve the right to re-evaluate this position at trial outside the presence of the jury.

**18. Plaintiffs move the court to enter its in limine order excluding Sullivan Police Department dispatchers', Teri Casey's and Jerri Janssen's, expert opinions because neither Casey or Janssen was endorsed as an expert witness in this case.**

Opposition:  This should be denied.  The Court previously denied the argument challenging the lay testimony of dispatchers, Teri Casey and Jerri Janssen.  (See the Order dated October 19, 2012 Order denying this argument.)   Neither provided expert testimony but reported on their observations of Palmer.

**19. Plaintiffs move the court to enter its in limine order directing that defense counsel make no attempt to introduce in evidence or argument that the substitution of Defendant David Roches' wife was unkind or improper, particularly when Defendants would not voluntarily substitute the Sullivan Police Department when requested by Plaintiffs' counsel.**

Opposition:  This should be denied.  Plaintiffs framed this issue erroneously here and at the prior hearing.  Despite the fact that no estate had been opened in the name of David Roche and that Plaintiffs did not want to go through the effort of applying for the appointment of a guardian ad litem for David Roche, Plaintiffs applied to the Court to substitute Doyla Roche, the widow of David Roche, in her individual capacity for the purpose of holding her <u>personally liable</u> and to satisfy any judgment the jury may award to Plaintiffs for her husband's actions.  Defendants maintain that substituting Mrs. Roche in place of David Roche is improper.  There are no allegations that Mrs. Roche has any legal liability.  There is no support for Plaintiffs' request to preclude Defendants from addressing this issue to the jury.  Therefore, this request should be denied.

*/s/ Benjamin M. Fletcher*
Robert J. Wulff, Bar No. 34081 MO
Benjamin M. Fletcher Bar No. 58309 MO
**EVANS & DIXON, LLC**
Attorney for Defendants City of Sullivan, et al.
211 North Broadway Suite 2500
St Louis, Missouri 63102
314-552-4059; 314-884-4459
rjwulff@evans-dixon.com
bfletcher@evans-dixon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2013 I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all parties/attorneys of record.

*/s/ Benjamin M. Fletcher*