UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA D. TANNER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-1361 NAB |
| ) | |
| CITY OF SULLIVAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Strike Portions of Casey and Janssen Affidavits Containing Expert Opinions and Defendants' Motion to Exclude and Strike Proffered Testimony of Plaintiffs' Proposed Expert, Jeffrey Eiser. [Docs. 86, 109]. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, the Court will grant in part and deny in part the parties' motions.

**I.     Background**

Plaintiffs filed this action against Defendants after the suicide of Karen Palmer while in Defendants' custody. Count I of Plaintiffs' Second Amended Complaint alleges Defendants are liable pursuant to 42 U.S.C. § 1983 for deliberate indifference, failure to train, and failure to supervise. In Count II, Plaintiffs' allege Defendants are liable under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Plaintiffs have proffered Jeffrey Eiser as an expert in this action.

**II.    Defendants' Motion to Exclude and Strike the Testimony of Plaintiffs' Expert**

Defendants seek to exclude the testimony of Plaintiffs' expert Jeffrey Eiser. Defendants contend that Mr. Eiser's report includes legal conclusions about negligence and deliberate indifference that squarely address the ultimate issues in the case. Defendants also assert that Mr. Eiser is not qualified to express an opinion that Defendants contributed to Palmer's suicide. Plaintiffs respond that Mr. Eiser is a qualified expert and his opinions are admissible under federal law and Federal Rule of Evidence 702.

A. **Standard for Admission of Expert Testimony**

Decisions regarding the admission of expert testimony lie within the broad discretion of the district court. *Russell v. Whirlpool Corp.*, 2012 WL 6554553 (8th Cir. 2012). Federal Rule of Evidence 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Under Rule 702, it is the trial judge, in admitting expert testimony, who has the gatekeeping responsibility to ensure than an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *First Union Nat. Bank v. Benham*, 423 F.3d 855, 861 (8th Cir. 2005) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

> In making that determination, the district court may evaluate one or all of the following factors: (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has a known or potential error rate and standards controlling the technique's operation; and (4) whether the theory or technique is generally accepted in the scientific community.

*First Union*, 423 F.3d at 861 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993)). "This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands. There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant." *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005). Further, an "opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).

### B.  Eiser's Testimony

Having reviewed the record, the Court will grant in part and deny in part, Defendants' motion. The Court is satisfied that Mr. Eiser is qualified to testify regarding industry standards, operations, and polices in jail administration.  Mr. Eiser's opinion is also admissible regarding causation on Count II of Plaintiffs' Second Amended Complaint.  Contrary to Defendants' assertion in their motion, Plaintiffs are not required to show that Palmer had a medical diagnosis.  *Kivland v. Columbia Orthopedic*, 331 S.W.3d 299, 312 (Mo. 2011).  Further, there is no requirement that the expert testimony be medical testimony. The Plaintiffs are required to offer evidence that Palmer's suicide was a direct result of Defendants' negligence.  *Id.*  Because Plaintiffs cannot provide direct evidence as to why Palmer committed suicide, an expert witness may be used to interpret the facts and data related to her injury and supply the causal link from the injury to her death.  *See Kivland*, 331 S.W. 3d at 310.  Mr. Eiser's experience as a jail administrator gives him the necessary qualifications to be able to form an opinion as to whether based on industry standards, Defendants' actions or inactions contributed to Palmer's suicide.  A jury can choose to believe or disbelieve Mr. Eiser's testimony and determine the weight to give Mr. Eiser's testimony in light of the fact that he is not a medical doctor.

The Court finds that Mr. Eiser cannot testify as to the ultimate issue of whether Defendants' actions were deliberately indifferent to Palmer's medical needs.  "Expert opinion testimony is only admissible if it will assist the trier of fact to understand the evidence or to determine a fact in issue." *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995).  Mr. Eiser cannot provide testimony regarding whether Defendants were deliberately indifferent to Palmer's medical needs, because to prove deliberate indifference a plaintiff must "prove that officials knew about excessive risks to his health but disregarded them and that their unconstitutional actions in fact caused his injuries." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (internal citations omitted).  Mr. Eiser cannot testify as to Defendants' knowledge about any excessive risks to Palmer's health.  It is the jury's province to determine what facts are known to the Defendants.  *Peterson*, 60 F.3d at 475.  Therefore, Mr. Eiser's testimony is not a fact-

3

based opinion, but a statement of legal conclusion and legal conclusions are for the court to make. *Peterson*, 60 F.3d at 475. The Court excludes any testimony from Mr. Eiser that any of the Defendants were deliberately indifferent to Palmer's medical needs, including any opinions expressed in Paragraph 19-B of his Expert Report. [Doc. 87-1, pp. 24-26].

**III.     Plaintiff's Motion to Strike Portions of Casey and Janssen Affidavits**

Plaintiffs request that the Court strike certain portions of defense witnesses Teri Casey and Jeri Janssen's affidavits. Plaintiffs contend that these affidavits contain expert opinions and neither Casey nor Janssen have been tendered as expert witnesses. Defendants respond that the affidavit portions identified by Plaintiffs are personal reflections of the witnesses' observations and do not rise to the level of an expert opinion.[1]

**A.     Standard for Lay Witness Testimony**

Federal Rule of Evidence 701 states that

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. "Personal knowledge or perceptions based on experience is sufficient foundation for lay testimony." *U.S. v. Smith*, 591 F.3d 974, 982 (8th Cir. 2010) (quoting *In re Air Crash at Little Rock, Arkansas on June 1, 1999*, 291 F.3d 503, 515-16 (8th Cir. 2002) (internal quotations omitted). "Perceptions based on industry experience are a sufficient foundation for lay opinion testimony." *Smith*, 591 F.3d at 982. "This inquiry requires a case-by-case analysis of both the witness and the witness's opinion. *Id.* at 983.

Witnesses who have strong backgrounds or experience in a particular line of work "may have insights or understanding that justify admitting their opinions even though they lack formal training in the subject area. Here, however, lay testimony may become almost indistinguishable from expert testimony

---

[1] The Court notes that Defendants also contend that Plaintiffs waived their right to bring this motion, but the Court finds that Plaintiffs did not waive the ability to bring this motion.

4

and indeed the category of expert testimony under Fed. R. Evid. 703 includes people whose knowledge comes from experience."  3 CHRISTOPHER B. MUELLER AND LAIRD C. KIRKPARTRICK, FEDERAL EVIDENCE § 7:3 (3d ed. 2012).  "At the very least, however, courts in deciding whether to admit opinion testimony from such sources should scrutinize with some care the bases for the opinions and guard against allowing such witnesses to testify to points that require technical or special knowledge or understanding that is beyond their experience and reach."  *Id., see Allied Sys., Ltd v. Teamsters Automobile Transport Chauffeurs, Demonstrators and Helpers Local 604, Affiliated with the Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 304 F.3d 785 (8th Cir. 2002) (officer of business can testify to projected profits or damages, not based on experience within realm of expert, but particularized knowledge of witness due to position in the business).

**B.     Affidavits**

Plaintiffs contend that the following portions of Janssen's and Casey's affidavits contain expert opinion testimony[2]:

> I feel my on the job training over the years has provided me with valuable experience that has enhanced my ability to identify when a person appears to be attempting to harm them self."  [Doc. 130-1, ¶ 5-Casey Aff.]; [Doc. 130-2, ¶ 5- Janssen Aff.]
>
> Based on my experience, Ms. Palmer did not appear to require any medical treatment.  [Doc. 130-1, ¶ 8- Casey Aff.]; [Doc. 130-2, ¶ 8- Janssen Aff.]
>
> Based on my experience, I did not suspect Ms. Palmer posed a threat to herself because she appeared to behave normal.  [Doc. 130-1, ¶ 14- Casey Aff.]; [Doc. 130-2, ¶ 14-Janssen Aff.]

The above recited portions of the affidavits present a close question regarding whether the affiants have entered into the province of expert testimony.  Although it is a close question, based on the language noted above in context of the entirety of their affidavits, the Court finds that the opinions expressed by the affiants in paragraphs 5 and 8 above constitute expert testimony by lay witnesses.  The affiants may testify as to their personal observations of Palmer's conduct and their interactions with her prior to her

---

[2] The Casey and Janssen affidavits include identical language.

suicide. They cannot testify, however, that based on their experience and training, she did not appear to require any medical treatment or that they have an enhanced ability to identify when a person would appear to do harm to himself or herself. Therefore, the Court will grant in part and deny in part Plaintiffs' motion.

**IV. Conclusion**

Based on the foregoing, the Court will grant in part and deny in part Defendants' Motion to Exclude and Strike Proffered Testimony of Plaintiffs' Proposed Expert, Jeffrey Eiser. The Court will grant in part and deny in part Plaintiffs' Motion to Strike Portions of Casey and Janssen Affidavits Containing Expert Opinions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Portions of Casey and Janssen Affidavits Containing Expert Opinions is **GRANTED in part and DENIED in part**. [Doc. 109]

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude and Strike Proffered Testimony of Plaintiffs' Proposed Expert, Jeffrey Eiser is **GRANTED in part and DENIED in part**. [Doc. 86]

Dated this 9th day of January 2013.

/s/ Nannette Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE