UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA D. TANNER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:11-CV-1361 NAB |
| CITY OF SULLIVAN, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER[1]

This matter is before the Court on Plaintiffs' Motion for Bill of Costs and Defendants' Memorandum in Support of Bill of Costs. [Docs. 208, 210]. Plaintiffs and Defendants object to the award of costs to the opposing party.

**I.   Procedural Background**

Plaintiffs filed a two count complaint against Defendants alleging violation of constitutional rights under 42 U.S.C. § 1983 and a state law wrongful death claim. On January 9, 2013, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. [Doc. 172]. The Court granted judgment in favor of all Defendants on Plaintiff's constitutional rights claim in Count I under 42 U.S.C. § 1983; in favor of Defendant Jones regarding failure to remove plastic utensils from Palmer's cell regarding Count II; and in favor of Defendant City of Sullivan regarding Count II. The Court then granted Plaintiffs' Motion to Dismiss Defendant David Roche without prejudice. [Doc. 190].

A jury trial was held on the remaining wrongful death claims. At trial, the Court entered a directed verdict in favor of Defendant Counts on all claims and Defendant Jones regarding

---

[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

aggravating circumstances damages. The jury returned a verdict in favor of Plaintiffs on the remaining counts on January 18, 2013. [Doc. 199]. The jury awarded Plaintiffs $1,300,000.00 in actual damages; $250,000.00 in aggravating circumstances damages against Defendant Jeff Rohrer; $150,000.00 in aggravating circumstances damages against Defendant Don Reed; $150,000.00 in aggravating circumstances damages against Defendant Shaun Hinson; and $1,000,000.00 in aggravating circumstances damages against Defendant Kevin Halbert.

Both parties requested an award of costs. The Court denied the Defendants' Motion for Judgment as a Matter of Law or in the Alternative Rule 59 Motion for Remittitur or New Trial.

## II.   Standard of Review

"Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "There is a presumption that the prevailing party is entitled to costs." *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995). "Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs." *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980). "[T]here is no rule requiring courts to apportion costs according to the relative success of the parties." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (8th Cir. 2006.)

## III.   Discussion

### A.   Prevailing Party

In this action, Plaintiffs and Defendants seek an award of costs. Prior to trial, all Defendants prevailed on Count I of Plaintiffs' Second Amended Complaint and Defendant City of Sullivan prevailed on Counts I and II. At trial, Plaintiffs prevailed substantially on Count II

by obtaining jury verdicts against Defendants Rohrer, Reed, Hinson, Jones, and Halbert in excess of two million dollars. Defendant Counts a received directed verdict on Count II and Defendant Roche was dismissed without prejudice.

While both sides won a claim, Plaintiffs changed their relationships with Defendants by being awarded $2.85 million dollars. *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 532 (8th Cir. 2005) (order remanding district court denial of costs because although plaintiff lost most claims she succeeded in changing her and others' legal position, in addition to recovering $20,000.00); *Litecubes, LLC v. Northern Lights Prod., Inc.*, No. 4:04-CV-485 ERW, 2006 WL 5700252 at *12 (E.D. Mo. Aug. 25, 2006) (while both parties each won two claims, plaintiffs changed their relationship with defendant by being awarded $150,000 and are the prevailing parties). Because the Plaintiffs won a larger judgment, they "can logically be considered the prevailing party." *Hillside Enter. v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995). Therefore, the Court has determined that Plaintiffs will be awarded costs as the prevailing party against Defendants Rohrer, Reed, Hinson, Jones, and Halbert.

### B. Plaintiffs' Motion for Bill of Costs

The award of costs other than attorney's fees are allowed as a matter of course to the prevailing party, however, "such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." Fed. R. Civ. P. 54(d), *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). The Court has reviewed Plaintiffs' Bill of Costs. The Court will award costs as follows:

#### 1. Fees of the Clerk and Marshal

The Court will award Plaintiffs $350.00.00 for filing fee costs. Costs for filing fees are specifically authorized by 28 U.S.C. § 1920 and will be awarded over defendants' objection.

The Court will not award Plaintiffs fees for subpoena and summons that were served by the Crawford, Franklin, and Boone County sheriffs.  Section 1920 only allows for fees for service by the Marshal.  28 U.S.C. § 1920.

### 2. Fees of the Court Reporter

Plaintiffs request $15,163.25 to cover the costs of a court reporter for 22 depositions in this case.  Defendants object stating that Plaintiffs should not receive full reimbursement for the deposition costs, because they did not prevail in Count I so should only receive reimbursement for transcription fees related to Count II.  Defendants also propose a fifty percent (50%) reduction for transcription fees for Defendants Rohrer, Reed, Hinson, Jones, and Halbert because the focus of Plaintiffs' questions related to Count I should not be reimbursed.  Defendants also object to Plaintiffs' request for reimbursement of both stenographic transcription and video recording for the deposition of Donna Baker.

The court may tax costs for the taking of depositions when the depositions are necessarily obtained for use in a case and not purely investigative.  *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997).  "The determination of necessity must be made at the time of the deposition without regard to intervening developments that later render the deposition unneeded for further use.  In other words, the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken."  *Id.* (internal citations omitted).

At the time the depositions were taken, both counts were pending.  Moreover, both counts were based on the same set of facts and circumstances.  The primary difference between Counts I and II was the legal standard for assessing liability on the Defendants.  Therefore, the Court will grant in part Plaintiffs' request for reimbursement of deposition transcription costs. The Court will deny Plaintiffs' request for reimbursement for courier expenses in the amount of

$170.00 as reimbursement for that expense is not authorized by 28 U.S.C. § 1920.  *See Tenet*, 436 F.3d at 889.  The Court will also deny Plaintiffs' request for reimbursement for stenographic and video recording costs for Donna Baker's deposition.  Prevailing parties may recover fees for "printed *or* electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2) (emphasis added).  Plaintiffs cannot receive reimbursement for both the stenographic and video recording.  Therefore, the Court will deny Plaintiffs reimbursement for the $300.00 cost of the stenographic transcript.  The Court will award Plaintiffs $14,687.25 for the deposition transcription fees.

### 3. Witness Fees

Plaintiffs request $956.94 for witness fees.  Defendants objects to reimbursement of trial subpoena fees for witnesses Plaintiffs never called at trial without a demonstration from Plaintiffs that the witnesses refused to return the fees and for Sergeant Zelch, because he testified regarding the City of Sullivan's parties and the City prevailed on all of its claims.  Plaintiffs replied that no witness fees have been returned and Defendants offer no proof that they cannot recover these fees.

"A district court may award witness fees if it determines that the witness's testimony was crucial to the issues decided and the expenditures were necessary to the litigation."  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006).  Federal Rule of Civil Procedure 45(b)(1) requires the payment of a witness fess upon service of the subpoena.  The Court finds that Plaintiffs can recover fees for witnesses who were deposed or testified at trial.  *See Carlisle v. City of O'Fallon*, No. 4:06-CV-643-AGF, 2008 WL 1805647.  Therefore, the Court will order cost for witnesses Scott Mertens (deposition and trial), Donna Baker (trial), and Vernon Zelch (deposition), and Dr. Kamal Sabharwal (trial) in the amount of $385.10.

### 4. Copy and exemplification fees

Plaintiffs seek reimbursement in the amount of $280.33 for trial exhibits and imaging DVDs. The Court may award copy and exemplification fees for copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920. Defendants object to the award of costs because (1) imaging costs of $100.00 is unreasonable when most computers come equipped with the technology, (2) trial exhibits were duplicative because Defendants supplied a complete copy of their trial exhibits to Plaintiffs in hard copy and electronically on CD, and (3) it is not clear from the invoice whether the trial exhibits were used. Plaintiffs state that Defendants' rationale is unsupported and Plaintiffs can recover for unused trial exhibits.

The Court will award Plaintiffs $172.62 for copy and exemplification fees. The Court will not award costs for copying trial exhibits from the defense, as copies made for the convenience of counsel are not recoverable under 28 U.S.C. § 1920. *Dunn v. Nexgrill Indus., Inc.*, No. 4:07-CV-1875 JCH, 2011 WL 1060943 at *1 (E.D. Mo. 2011).

### 5. Fees for Mediation

Plaintiffs seek reimbursement in the amount of $2,956.95 for court ordered mediation. The Eighth Circuit has previously indicated that mediation costs are not recoverable under 28 U.S.C. § 1920. *See Brisco-Wade v. Coleman*, 297 F.3d 781, 782 (8th Cir. 2002). Therefore, the Court will deny Plaintiffs' request for costs for mediation fees.

### 6. Fees for Videographer

Plaintiffs also request $950.00 for the work of a videographer. Plaintiffs have failed to provide any support as to why this cost is compensable under 28 U.S.C. § 1920. Therefore, the Court will deny Plaintiffs' request for costs for the videographer.

**IV.     Conclusion**

Accordingly, the Court will grant in part and deny in part Plaintiffs' Motion for Bill of Costs and deny Defendants' Motion for Bill of Costs.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Bill of Costs is **GRANTED in part and DENIED in part**.  [Doc. 208]

**IT IS FURTHER ORDERED** that Defendant's request for Bill of Costs is **DENIED**.  [Doc. 210]

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in the amount of $15,594.97 against Defendants Jeff Rohrer, Don Reed; Shaun Hinson, Darrin Jones, and Kevin Halbert.

Dated this 28th day of June, 2013.

  /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

7