UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA D. TANNER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11-CV-1361 NAB |
| | ) |
| CITY OF SULLIVAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER[1]

Plaintiffs filed a Joint Application Pursuant to § 537.090 RSMo for Apportionment and Distribution of the Judgment Herein and Approval of Apportionment and Distribution to Minor Pursuant to § 507.188(2) RSMo. [Doc. 236.] Defendants did not file a response. Defendants filed a Motion to Stay Execution Pending Appeal and for Approval of Supersedeas Bond. [Doc. 239.] Plaintiffs filed a response objecting to the amount of the bond requested by Defendants. [Doc. 241.] The Court held a hearing regarding these matters on July 31, 2013.

**I.   Background**

A jury returned a verdict in favor of Plaintiffs on a wrongful death claim on January 18, 2013. [Doc. 199]. The jury awarded Plaintiffs $1,300,000.00 in actual damages; $250,000.00 in aggravating circumstances damages against Defendant Jeff Rohrer; $150,000.00 in aggravating circumstances damages against Defendant Don Reed; $150,000.00 in aggravating circumstances damages against Defendant Shaun Hinson; and $1,000,000.00 in aggravating circumstances damages against Defendant Kevin Halbert. [Doc. 200.] The Court awarded Plaintiffs costs in

---

[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

the amount of $15,594.97 on June 28, 2013. [Doc. 235.] The Court heard testimony and held a hearing on the parties' motions on July 31, 2013.

## II. Discussion

At the July 31st hearing, the Court heard testimony from Plaintiffs Danny C. Palmer and Debora Tanner (who appeared by telephone) and Daniel Buescher, the court appointed conservator for Plaintiff C.B. The Court also heard oral argument from Plaintiffs and Defendants regarding staying execution of the judgment pending appeal and the appropriate amount of the supersedeas bond.

After hearing the argument of the parties and considering the procedural status of this action, the Court will stay its ruling on Plaintiffs' request for apportionment and distribution. The Defendants have filed a Notice of Appeal. Because of the appeal, the amount of the judgment, punitive damages, attorney's fees, and costs could change substantially. Therefore, in the interests of judicial economy, the Court will stay its ruling on apportionment and distribution pending the outcome of the appeal in this matter.

Next, the Court will grant Defendants' Motion to Stay Execution Pending Appeal and for Approval of Supersedeas Bond. "If an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). "The bond may be given upon or after filing the notice of appeal or after obtaining an order allowing the appeal. The stay takes effect when the court approves the bond." *Id.* "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *Halbach v. Great-West Life & Annuity Ins. Co.*, No. 4:05-CV-2399 ERW, 2009 WL 214671 at *1 (E.D. Mo. Jan. 28, 2009). "The general rule is for the district court to set a supersedeas bond in the full

amount of the judgment plus interests, costs, and damages for delay." *Id.* "While a full supersedeas bond is the norm, a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal." *Id.* Plaintiffs requested that Defendants be required to post a bond in the amount of $2,865,594.97, which covers the judgment and costs. Defendants requested that the Court approve a bond in the amount of $1,319,301.67, which includes the actual damages judgment plus interest for 734 days at an interest rate of 0.14%. After careful review of this matter, Court will require that Defendants provide a supersedeas bond in the amount of $2,865,594.97 and that the stay of the judgment pending appeal become effective on the date that the bond is posted.

Accordingly,

**IT IS HEREBY ORDERED** that a ruling on Plaintiffs' Joint Application Pursuant to § 537.090 RSMo for Apportionment and Distribution of the Judgment Herein and Approval of Apportionment and Distribution to Minor Pursuant to § 507.188(2) RSMo is **STAYED** pending the outcome of the appeal in this matter. [Doc. 236.]

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Execution Pending Appeal and for Approval of Supersedeas Bond is **GRANTED**. [Doc. 239].

**IT IS FURTHER ORDERED** that Defendants shall post a supersedeas bond in the amount of $2,865,594.97 no later than August 23, 2013.

**IT IS FURTHER ORDERED** that the stay is effective from the date when Defendants post the supersedeas bond.

**IT IS FURTHER ORDERED** that execution of the Judgment and award of costs in this matter is **STAYED** pending appeal. [Doc. 173, 200, 234]

Dated this 2nd day of August, 2013.

        /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE