UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA D. TANNER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11-CV-1361 NAB |
| | ) |
| CITY OF SULLIVAN, et al., | ) **REDACTED**[1] |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Eighth Circuit Court of Appeals has remanded this action, pursuant to Fed. App. R. 12.1 for the limited purpose of the Court ruling on Plaintiffs' Request Pursuant to the Court's Order of March 24, 2014 to file Plaintiffs' Joint Application Pursuant to § 537.095 RSMo for Apportionment and Distribution of the Settlement Herein and Approval of Apportionment and Distribution to Minor Pursuant to § 507.188(2) RSMo." [Doc. 264.] In their motion, Plaintiffs seek a court order apportioning and distributing a settlement of $1,200,819.50 among the three plaintiffs and approving the settlement amount for minor Plaintiff C.B. Defendants have not filed a response to the motion. [Doc. 260.] The Court held a hearing on this matter on October 7, 2014.

I.  **Background Information**

On January 18, 2013, a jury returned a verdict in favor of Plaintiffs on a wrongful death claim regarding decedent Karen Palmer. [Doc. 199]. Defendants appealed this matter to the Eighth Circuit Court of Appeals. [Doc. 240.] After briefing had concluded in the court of appeals, the parties settled this action. Pursuant to Fed. R. App. 12.1, the court of appeals

---

[1] This public order is redacted to protect the name of the minor plaintiff.

remanded this action to the district court for proceedings required under Missouri law for settlements involving wrongful death claims and settlement of claims involving a minor. [Doc. 264.]

## II. Discussion

### A. Testimony at the October 7, 2014 Hearing

At the October 7, 2014 hearing, Plaintiffs Debora Tanner and Danny Palmer, biological parents of the decedent, testified regarding the settlement of this action. They both testified that they were kept apprised of this case during the appellate process and participated in settlement negotiations of this matter. They also testified that they agreed that the proposed apportionment of the settlement of fifty percent (50%) to Plaintiff C.B., decedent's only child, and twenty-five percent (25%) each to Debora Tanner and Danny Palmer was in everyone's best interests. Further, they testified that they understood that approval of this settlement concluded this action and they would not be able to contest this action or seek any additional damages after the settlement is approved.

Attorney Taylor Goodale also testified. He stated that his firm, Law Firm of Aubuchon, Buescher & Goodale, LLC, and his law partner Daniel Buescher were appointed as the conservators of the estate of C.B. He also testified regarding the submission of a letter from Daniel Buescher to the Court stating that he also believed that the apportionment of the settlement proposed by Plaintiffs is in the best interest of minor C.B.

### B. Apportionment and Distribution of Settlement

The parties have agreed to settlement of this action in the amount of $1,200,000.00 as well as appellate costs of $819.50. First, the Plaintiffs' attorneys request that the Court award them a contingency fee of $480,000.00. Plaintiffs' attorneys also request litigation and appeal

2

expenses in the amount of $91,440.47 from the gross settlement amount. Then, Plaintiffs request that the Court apportion the net settlement amount as follows: Plaintiff C.B.- 50% of net proceeds, Plaintiff Debora Tanner- 25% of net proceeds, and Plaintiff Danny C. Palmer- 25% of net proceeds.

In any action for damages for wrongful death, the trial court must state the total damages found and enter a judgment as to such damages apportioning them among those entitled in proportion to the losses suffered by each as determined by the court. Mo. Rev. Stat. § 537.095.3. "The duty and responsibility of apportionment of losses in a wrongful death action lies within the sound discretion of the trial court. *Parr v. Parr*, 16 S.W.3d 332, 336 (Mo. 2000). "There is no minimum amount that must be awarded to any party designated as a taker under § 537.095.4." *Parr*, 16 S.W.3d at 337. "The trial court is not bound by a set percentage or a minimum; rather, the trial court must exercise its discretion and, as instructed by the statute, distribute the proceeds in proportion to the losses suffered by each as determined by the court. *Id.* The trial court can consider what it deems fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by the reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of those on whose behalf suit may be brought have been deprived by reason of such death. *Banner ex rel. Bolduc*, 305 S.W.3d 498, 500 (Mo. Ct. App. 2010) (although factors in Mo. Rev. Stat. § 537.090 are directed toward a trial court's initial determination of damages, the factors are also applicable in determining the apportionment of losses pursuant to § 537.095.3.)

After determining apportionment, the trial court is then required to order the claimant to do the following:

>    (1) To collect and receipt for the payment of the judgment;

> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorney's fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents that original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;
>
> (3) To acknowledge satisfaction in whole or in part for the judgment and costs;
>
> (4) To distribute the net proceeds as ordered by the court; and
>
> (5) To report and account therefor to the court. In its discretion, the court may require the claimant to give bond for the collection and distribution.

Mo. Rev. Stat. § 537.095.4. The trial court is required to apportion damages before allocating attorney's fees. *Hess v. Craig*, 43 S.W.3d 457, 458-59 (Mo. Ct. App. 2001) (*citing Parr*, 16 S.W.3d at 338). The court is to order payment of attorney's fees as contracted out of the parties' respective settlement proceeds. *See Bishop v. Nico Terrace Apartments, LLC*, No. 4:09-CV-1718 MLM, 2010 WL 2556846 at *4 (E.D. Mo. June 23, 2010). Further, the amount of attorney's fees must be proved by submitting the contract showing the fee arrangements between the party and the attorney. *See Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 247 (Mo. Ct. App. 1996) (trial court's denial of attorney's fees affirmed where no contract was entered into evidence showing the fee arrangement between one plaintiff and his attorney or the basis for the purported hourly rate or hours worked); *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994) (affirm trial court's decision to not award attorney's fees as citation in the petition to contract with an attorney is not sufficient to prove existence of contract nor can court take judicial notice of court file that only acknowledges existence of contract).

Pursuant to Mo. Rev. § 537.095.4 and the evidence and testimony presented in this case, the Court finds that that the $1,200,819.50 settlement amount should be apportioned as follows:

Plaintiff C.B.- 50% ($600,409.76), Plaintiff Debora Tanner- 25% ($300,204.87), and Plaintiff Danny C. Palmer- 25% ($300,204.87). Although each Plaintiff has suffered a great loss in the death of their daughter and mother, the Court finds that the apportionment of fifty percent of the settlement amount to Plaintiff C.B., Karen Palmer's daughter and twenty-five percent each to her parents is the appropriate allocation in this case. Next, pursuant to Mo. Rev. Stat. § 537.095.4, the Court orders Plaintiffs, that upon collection and receipt of their settlement, to pay any attorney's fees and expenses as contracted out of their respective settlements. Therefore, Plaintiff C.B. is required to pay attorney's fees in the amount of $240,163.90 and expenses in the amount of $45,720.23.[2] Plaintiffs Debora Tanner and Danny Palmer are each required to pay $120,081.95 in attorney's fees and $22,860.12 in expenses.

    **C.**    **Minor Settlement**

Plaintiff C.B. is a minor under Missouri law. *See* Mo. Rev. Stat. § 507.155 (infant means any person who has not attained the age of eighteen years). The person duly appointed as the minor's *next friend* may, subject to the approval of the court, submit the minor's claim for proposed settlement to the court. Mo. Rev. Stat. § 507.184.1. The Court has the power and authority to hear evidence on and either approve or disapprove a proposed contract to settle an action or claim of a minor. Mo. Rev. Stat. § 507.184.3. The Court should pay particular attention when the proceeds will be divided among claims by the minor and claims of other persons and all parties are represented by one lawyer, because there may be a conflict of interest. 2A Mo. Practice Series § 34.23 (2012). Collateral estoppel is not applicable and will not bar a later claim that the interests of the child were not adequately represented regardless of whether the court found that a settlement was reasonable in light of the facts available to the court at the

---

[2] Each party will pay a 40% contingency fee for attorney's fees and expenses proportionate to the apportionment noted above.

time of settlement. *Ryan v. Ford*, 16 S.W.3d 644, 649 (Mo. Ct. App. 2000) (regarding a settlement).

In this case, Plaintiff Debora Tanner is the *next friend* representing Plaintiff C.B. A conservatorship has been established in the Probate Division of the Circuit Court of Franklin County, Missouri. The Conservator is Daniel Buescher and/or the Law Firm of Aubuchon, Buescher & Goodale, LLC. Plaintiffs Debora Tanner, the *next friend*, and the Conservator have submitted evidence or offered testimony in support of the approval of this settlement on C.B.'s behalf.

Based on the foregoing, the Court believes that this settlement is reasonable and in the best interests of C.B. and will approve the settlement of her action in the amount of $600,409.76. Because the amount of damages awarded to C.B. exceeds $10,000.00, the Court orders her *next friend* Debora Tanner to first pay attorney's fees and expenses and then pay or transfer the excess to C.B.'s duly appointed and qualified conservator. *See* Mo. Rev. Stat. § 507.188.2. After such payment or transfer, Debora Tanner must file with the court a receipt from the conservator to whom such payment was made or transferred evidencing such payment, with a certified copy of the conservator's letters attached to the receipt. After such receipt has been filed and accepted by the court as authentic, then the court shall order the *next friend* discharged and released from all of her duties and obligations and from her bond.

### III. Conclusion

In summary, the Court apportions the $1,200,819.50 settlement amount as follows: Plaintiff C.B.- 50% ($600,409.76), Plaintiff Debora Tanner- 25% ($300,204.87), and Plaintiff Danny C. Palmer- 25% ($300,204.87). The Court also approves the minor settlement, as being in the best interests of C.B. in the amount of $600,409.76. Finally, the Court orders the

Plaintiffs, pursuant to Mo. Rev. Stat. §§ 507.184, 507.188, 537.095, to pay their attorney's fees as contracted before any further distribution of the settlement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Request Pursuant to the Court's Order of March 24, 2014 to file Plaintiffs' Joint Application Pursuant to § 537.095 RSMo for Apportionment and Distribution of the Settlement Herein and Approval of Apportionment and Distribution to Minor Pursuant to § 507.188(2) RSMo." is **GRANTED in part** and **DENIED in part**. [Doc. 260.]

**IT IS FURTHER ORDERED** that the settlement proceeds of $1,200,819.50 shall be apportioned as follows: Plaintiff C.B.- 50% ($600,409.76), Plaintiff Debora Tanner- 25% ($300,204.87), and Plaintiff Danny C. Palmer- 25% ($300,204.87).

**IT IS FURTHER ORDERED** that each party shall pay his or her attorney's fees as contracted, to be paid out of their respective settlement proceeds. Plaintiff C.B. is required to pay attorney's fees in the amount of $240,163.90 and expenses in the amount of $45,720.23. Plaintiffs Debora Tanner and Danny Palmer are each required to pay $120,081.95 in attorney's fees and $22,860.12 in expenses.

**IT IS FURTHER ORDERED** that, pursuant to Mo. Rev. Stat. § 507.188.2, C.B.'s *next friend* Debora Tanner first pay attorney's fees and expenses and then pay or transfer the excess to C.B.'s duly appointed and qualified conservator, Daniel Buescher and/or Law Firm of Aubuchon, Buescher & Goodale, LLC, with said proceeds being placed in a designated depository account marked "no withdrawal without order of the Probate Court of Franklin County, Missouri." After such payment or transfer, Debora Tanner must file with the court a receipt from the conservator to whom such payment was made or transferred evidencing such

payment, with a certified copy of the conservator's letters attached to the receipt. After such receipt has been filed and accepted by the court as authentic, then the court shall order Debora Tanner discharged and released from all of her duties and obligations as *next friend* and from her bond.

**IT IS FURTHER ORDERED** that the Plaintiffs and conservator shall execute a satisfaction of judgment with the Court.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. App. P. 12.1, the parties must promptly notify the Eighth Circuit Court Clerk that this Court has decided the motion on remand.

Dated this 7th day of October, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE